UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Daniel ARAGON,<br><br>                      Plaintiff,<br>v.<br><br>DZR GROUP INC., et al.,<br><br>                    Defendants. | Case No.: 25-cv-0264-AGS-BLM<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE (ECF 5), DISMISSING COMPLAINT (ECF 6), AND GRANTING FURTHER LEAVE TO AMEND** |
|---|---|

      Plaintiff Daniel Aragon initially brought 10 causes of action arising out of defendant's alleged debt-collection practices. (*See generally* ECF 1.) The Court screened Aragon's complaint and dismissed only the claims based on purported continued debt collection without verification. (*See* ECF 4, at 5, 8); *see also* 15 U.S.C. § 1692g(b); Cal. Civ. Code § 1788.52(c). "All other claims survive[d] screening." (*Id.* at 8.) Aragon was granted leave to amend the dismissed claims "by May 8, 2025." (*Id.*) On May 19, 2025, it appeared that no amended complaint had been filed, so this Court ordered Aragon "to show cause in writing why this case should not be dismissed without prejudice for failure to prosecute." (ECF 5.)

      Unbeknownst to the Court, Aragon filed an amended complaint on May 16, 2025, that did not appear on the docket until after the order to show cause issued. (*See* ECF 6.) Thus, the order to show cause is discharged. But the new complaint still has problems.

      "[A]n amended pleading supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). So, an amended complaint "must be complete in itself without reference to the superseded pleading." CivLR 15.1(a). Aragon's amended complaint contains only one claim: failure to "cease collection of debt" without verification. (ECF 6, at 3.) Notably, none of the claims that survived this Court's initial screening are included. (*See generally id.*) And allegations critical to state claims for unlawful debt-collection practices that were present in the first complaint—such as allegations that defendants are "debt collector[s]"—are also absent. (*See id.*); *Robinson v.*

1

*Managed Accts. Receivables*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009) ("In order for a plaintiff to recover under the FDCPA," "the defendant must be a 'debt collector.'"). As a result, Aragon's amended complaint is dismissed.

But since it appears that Aragon erroneously believed he could incorporate his original complaint by reference, the Court grants him additional time to amend his complaint again. Any second amended complaint must be filed by **June 10, 2025**, and must include **all** claims Aragon wishes to pursue. If Aragon fails to file an amended complaint by the deadline, this entire action will be dismissed. *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Dated:  May 20, 2025

_____
Hon. Andrew G. Schopler
United States District Judge