UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel ARAGON,<br><br>                               Plaintiff,<br><br>v.<br><br>DZR GROUP INC., et al.,<br><br>                               Defendants. | Case No.: 25-cv-0264-AGS-BLM<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

 The Court previously dismissed plaintiff Daniel Aragon's amended complaint and ordered that "[a]ny second amended complaint" be filed "by June 10, 2025." (ECF 7, at 2.) None has yet been filed, so this case is dismissed without prejudice.

 "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The first factor—the public interest in expeditious resolution—"always favors dismissal." *Id.* The second factor regarding the court's need to manage its docket likewise weighs in favor of dismissal since Aragon's "noncompliance has caused the action to come to a complete halt, thereby allowing [Aragon] to control the pace of the docket rather than the Court." *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The risk of prejudice to defendants (the third factor) also supports dismissal because the "law presumes injury from unreasonable delay," and plaintiff has offered no explanation for the tardiness that would render it reasonable. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The fourth factor concerning the availability of less drastic alternatives points toward dismissal, too. The Court has afforded Aragon multiple opportunities to amend, and Aragon was warned that if he "fails to file an amended complaint by the deadline, this entire action will be

dismissed." (ECF 7, at 2 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005)).) The amendment opportunities "constitute[] an attempt at a less drastic sanction," and "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The last factor—the public policy for disposition on the merits—is the only consideration that weighs against dismissal.

Because "at least four factors support dismissal," the Court concludes that dismissal is the proper remedy here. *See Yourish*, 191 F.3d at 990.

Dated: July 14, 2025

Hon. Andrew G. Schopler
United States District Judge